May it please the court again good to see you again. Well, just wait. I'll be back later Counsel good morning. Your honors again. I Represent the appellants. Mr. Worthen in this case and We have similar issues in this case I'd like to first address the appeal waiver because that actually is an issue that mr Worthen has that my last case today does not have The appeal waiver in our are you seeking to withdraw your plea That will probably be the ultimate result I know that that the case law on this is not really clear But in the one case that really addresses this United States versus Gibson He actually that defendant actually did withdraw his plea. Mr. Worthen is aware of that result and Is aware of that remedy so because our argument is that Hobbs Act robbery cannot sustain a 924 J conviction the 924 J conviction in the sentence is illegal So she'll therefore be vacated And now if if the plea agreement has to be vacated if If you succeed here The government's free to reinstate the other counts in the indictment, right? Yes Yes, absolutely, mr. Worthen understands that risk As it stands now, he's serving 60 years in prison And so it's a little bit of a toss-up of how much worse it could get for him Which 60 years will essentially be a life sentence for him Despite the fact he's very young Say it again 60 years will likely be a life sentence for someone. He's in a USP a penitentiary his life Expectancy therefore is lower. So it's likely that no matter what it is a life sentence So he understands the possibility In this case of adverse an adverse outcome What is the max sentence he'd face if the government Reinstated two and four Counts two and two and four, I believe the 20 years apiece and then there's oh Four is ten years. So it's 20 years and then 10 years Four is 922 U. I believe that's a 10-year. So it's a 30-year max Rather than 60 If we're successful in our 924 J argument, of course Regarding the 924 J argument it of course refers to 924 C so it's essentially the same argument the underlying offense is Hobbs Act robbery and First we evaluated the elements clause under subsection c3a 924 c3a Which requires that the conviction have an as an element the use attempted use or threatened use of physical force against person or property We're arguing that Hobbs Act robbery does is broader than that is And has been interpreted by this court and many other courts being broader than that to include fear of injury including fear of injury to reputation Which would not be the use attempted use or threatened use of physical force against the person or property of another It can the Fourth Circuit agreed in Torres Miguel about that issue That physical I'm sorry, Torres Miguel is a physical injury versus force I meant to say Arenan versus Ayazi and Ayazi held that it can be injury to reputation or the right to conduct a lawful business The Fourth Circuit and the Second Circuit have held that robbery isn't a crime of violence under 924 c3a although the Second Circuit's Jones case which Held that has been questioned in its subsequent Hill case, which was recently decided It is our view that Robbery does not qualify categorically Hobbs Act robbery cut categorically because it has been interpreted very broadly by this court and when you look at the elements of robbery it does not contain an Element of the use of physical force the robbery elements in Hobbs Act are that the defendant obtained money from a victim That he did so by means of robbery the victim parted with the money because of the robbery and an affected interstate commerce That then goes down to define robbery as an unlawful taking from a person against his will That portion is what distinguishes robbery from extortion so extortion requires that the victim gives consent For the property to be taken whereas in robbery. It's against the victim's will Then as we argue after Mathis, and this was another case that straddled Straddled the Mathis decision I filed the brief prior to Mathis being filed and and then filed my reply brief after Mathis So that that changed the analysis a little bit I believe in our favor when we're talking about means the Hobbs Act robbery actually says by means of and Gives a list actual threatened force of violence fear of injury to person or property either person self or person of another Those we believe fall under the Mathis rubric of a list of means rather than a list of elements If you look just at the elements, there is no violence there So we believe that it does not qualify under the Elements Clause of 924 c3a Now there have been some statements and findings by other court that robbery always qualifies as a crime of violence and I believe that that is too broad and Bleeds into what is the residual clause analysis for a quote ordinary case so They're treating robbery as the quote ordinary case, which is from James versus the United States the Supreme Court case From the year that I don't remember That described how to apply the residual clause looking to what an ordinary case is That language was specifically questioned in Johnson with the 2015 Johnson case and one of the reasons that the language was found to be vague And unconstitutionally vague Now since it doesn't qualify under the elements prong We also are arguing that it doesn't qualify under the residual clause This issue as was argued by prior attorney right before me is constantly changing. I feel like I have daily alerts about Residual clause and Johnson and what's being struck and what's being not in this circuit Of course, the ACC's residual clause has been struck 16 B's residual clause has been struck career offender residual clause after Hurlburt has been Has been struck from the statute and what's lingering here is 924 C's residual clause, which is language identical to 16 B We see no distinguishing with any you know important distinguishing between C3b and 924 C and 16 B. The government argues that because 16, I'm sorry that 924 C is a sentencing statute Or is not a sentencing statute that it does not qualify. However, the vagueness doctrine does not simply apply To the type of statute it applies to the language and the language being the same This is the Solicitor General conceded in Criminal Act therefore Mr. Worthen's 924 J conviction is not based on a crime of violence as defined in 924 C and therefore that conviction should be vacated and remanded for resentencing Unless the court has any questions, I'll Save the rest of my time. Thank you Your Honors may it please the court Bob Wood on behalf of the government I'd like to start picking up on something the appellant said She said that the Second Circuit and Fourth Circuit have held that Hobbs Act robbery is not a crime of violence Fourth Circuit case is one that was discussed a lot in the government's brief towards Miguel Obviously this court recently in waters disagreed with that reasoning the Fourth Circuit itself has said that it's probably overruled at this point The Second Circuit case Jones not only has been Criticized by a Second Circuit's recent decision in Hill But also that decision has been vacated and withdrawn from the federal reporter So I can't imagine that it would be good precedent at this point. It's not on West law or anything So really there are no cases That I think are still viable that have held that Hobbs Act robbery is not a crime of violence. In fact The real weight of caseload is when you look at whether Courts have said that Hobbs Act robbery whether or not Hobbs Act robbery has an element That is a force element and courts have said that for years and courts have been saying that what do you do with this? argument that it That the Hobbs Act does really involve damage to reputation damage to Ability to run a business. Sure a couple of things first the cases that the appellant cites on that point were Hobbs Act extortion cases Not Hobbs Act robbery cases And so I don't think it really speaks to Hobbs Act to the elements of Hobbs Act robbery extortion is a more difficult to prove crime It's got different elements So to the extent that the court is supposed to look at whether or not it's there's any realistic probability or possibility that There would be a prosecution for Hobbs Act robbery for that sort of thing There may be but there are no cases that I'm aware of where that's happened And on that point, I would point the court to this court's recent decision in Duncan where the panel explained that the Kind of ordinary case that you have to look to it really should exclude a hypothetical like that and also the second point on this is I didn't want to make too much of this because I do think that something either Johnson one The 2010 Johnson's definition of physical force does apply here or something close to it applies the difference of course is That decision didn't cover property because property is something that's different about the force clause in this case than in the ACCA and If the Supreme Court of this court were to confront How force works with respect to property I'm not sure that the the definition that Johnson one supplies of simple injury or pain would be immediately workable there would have to be some kind of wrestling with what with whether and to what extent I'm sure that Johnson one would provide a really nice foundation for the meaning of physical force in 923 924 c3a but it it probably wouldn't be exactly the same because of the property component and I say that in response to you to your honor's question about reputation because There are these hypothetical possibilities about threats to intangible property but again, none of those is and the research I've done none of those is apparent in case law Certainly not the ordinary case So, I guess that's my twofold response to that question the second thing I'd like to respond to yes Because in another appeal we will be hearing today And that's the last case today the government conceded that or I think they did that Hobbs Act robbery is defined by section 1915 I'm sorry 1951 b1 is an indivisible statute Yes, it seemed to me Suggesting your brief that it may be divisible into Robberies committed by actual or threatened force and those committed by fear of injury under Mathis these are means of Committing the crime not different elements Of it aren't are they not your honor? I would readily concede that The space that that I gave that in the brief reflects the strength. I see in the argument. I don't I I Think that it's possible under Mathis that so you're not exact robbery is divisible, but I I I the entirety of the argument Should analyze under the categorical approach Absolutely the entirety of the argument in the brief of save those couple of sentences is under the categorical approach and just to be clear there were When I filed this brief a couple of different offices around the country had taken slightly different Viewpoints on this and I more than anything to be quite honest wanted not to forego the argument I think that it doesn't really matter in the end categorically Hobbs Act robbery is Always has a force element many courts have said that for many years. So whether Mathis applies or not. I think you can just look at the 11th Circuits decision right before Mathis in st. Fleur Where they said that Hobbs Act robbery has a force element and said it's therefore a crime of violence under subsection a and then right After Mathis applying Mathis the Second Circuit and Hill said the same thing and the Mathis didn't matter to the analysis That's really what? use of Force Is an element of Hobbs Act? robbery as opposed to one of the means of Committing it. Well, I just start by reiterating that courts have said for years that including this court And I mean, it's not in my brief But in the Viegas case said that force is an element of Hobbs Act robbery from 2011, and I'm happy to of course provide that decision to the court In a letter, but also if you take out the force element Hobbs Act robbery becomes theft Pickpocketing would qualify and I don't think any court would accept that Hobbs Act robbery robbery covers that kind of a prosecution So even though I I really do agree with your honor's suggestion that this strange disjunctive list Doesn't look like what we're used to as an element of a crime Courts have routinely over the years said Hobbs Act robbery just you you're not going to survive a sufficiency challenge if you don't have force and The way best way perhaps to articulate that force again. I might look at this court's recent decision in Duncan where the court said You know in the least of these in the in the fear Context the fear is fear of injury and that injury Equates right back to the way that the Supreme Court articulated force in Johnson one as something capable of causing an injury and so And and also you can just look at it in the terms of the this court's jury instructions the court says The elements that the government has to establish include Taking by means of robbery of course robbery is called a means in that formulation But I don't think anyone would say that it is a means and not an element It is of course an element. So the words don't have talismanic value, and I don't think math this said they did and then of course robbery needs a meaning so the jury instructions go on to provide that meaning and that and Necessary showing the government always has to show one of those things force Violence or fear of injury and that fear of injury as again numerous courts have explained is fear of injury from the use of physical force Which again is this court's recent decision in Duncan held is the same thing as? force under Johnson This is you with regard to Two houses before the Supreme Court now If It is your honor, I apologize. I'm unaware of a cert grant. I think it is. I think so. Okay Well, I apologize your honor. No, you know more about it. I Did it's just not decided right? Okay And you know, I'm also happy. Oh, I'm sorry. I see I'm going to finish your thought Oh, I was just going to briefly respond to your honors A Note about the residual clause issue I was just going to say I'm happy given time limitations to defer to the next argument on that So it's really a non a non-issue. Thank you your honor Thank you I think to answer your last question I'm not sure Hobbs act robberies before the Supreme Court. De Amaya is before the Supreme Court. That's 16b and Beckles is before the Supreme Court and that's the career offender. De Amaya. Yeah, De Amaya. I believe is a 16b issue 16b not a Hobbs Act issue or not a 924 C slash Hobbs Act issue. I don't think 924 C is there yet No, it's 16b. Yeah So when I said to Horace Miguel, I actually meant to refer to Gardner which is the Fourth Circuit case and I apologize That did hold hold that the North Carolina robbery was not a crime of violence and Jones may have been withheld but Courts of Appeals are withholding a lot of cases based on the grant and Beckles and De Amaya and I think the analysis in Jones because Jones interpreted in New York statute that served as the basis for the Hobbs Act is Is credible here despite the fact that the opinion has now been withdrawn That it may in fact be resurrected after whatever they're waiting for De Amaya or Beckles I can't remember which one The cases that I cite in my brief about about injury to reputation are not just extortion cases and extortion cases while being different They do require the consent of victim and that's the primary difference between the two in the Hobbs Act robbery Hobbs Act robbery is a very interesting statute. It's it's very Interestingly worded and we believe falls within the Mathis analysis of elements versus means One, you know, I think the courts are going towards upholding both Hobbs Act robbery as a crime of violence and 924 C is not Being not vacating the residual clause. Supreme Court has said over and over again and in and In Mathis expressed frustration with telling lower courts No, this is what we mean and I think that that that means that's what they mean and we need to work with math with Mathis and the Hobbs Act robbery Falls within that Mathis framework. So unless the court has further questions, I'll be back in a couple cases to talk about it again All right. Thank you. Thank you. Thanks to both counsel. The case is taken under under advisement